IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| Trine C. Hyde, individually and on behalf of all others similarly situated, | * * * * |
| Plaintiff, | * **Case No.** _____ * |
| v. | * JURY TRIAL DEMANDED * * |
| Enterprise America, Inc., A North Carolina Corporation c/o Statutory Resident Agent SDAT 301 W. Preston St. Baltimore MD 21201 | * * * * * * * |
| And | * * |
| Enterprise America LLC. A Florida entity, c/o Statutory Resident Agent SDAT 301 W. Preston St. Baltimore MD 21201 | * * * * * * |
| And | * * |
| Marketernet, LLC., an Illinois entity c/o Statutory Resident Agent SDAT 301 W. Preston St. Baltimore MD 21201 | * * * * * * |
| And | |
| John Does 1-5, | |

Defendants.

## CLASS ACTION COMPLAINT

1. Plaintiff Trine C. Hyde brings this action to secure redress for a course of conduct that included the accessing of plaintiff's credit report without consent or any lawful reason, in violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1337 and 15 U.S.C. § 1681p. Venue in this District is proper in that mailing and other acts that gave rise to the violations of law complained of were conducted, directed to and received by plaintiff in this District.

## PARTIES

3. Plaintiff is Trine C. Hyde an individual who resides at 7 E. Main St. Apt. I Thurmont, MD 21788.

4. Defendant Enterprise America, Inc. is a North Carolina Corporation and Enterprise America LLC is a Florida Entity. Both entities are owned and controlled by Richard Randall and both were operated out of residences owned by Richard Randall at the time relevant to this action.

5. Defendant, Marketernet, LLC is an Illinois entity formed in 2000 that claims to provide marketing services. Marketernet, LLC. Entered into a contract with Aspen Marketing Services, Inc. to provide credit information in connection with an advertising campaign conducted by Aspen for RDA, Inc. t/a as Easterns.

6. The Defendants have all regularly transacted business in Maryland a participated in the wrongful conduct complained of herein and caused injury to the Plaintiff, a resident of

Maryland and other Maryland residents.

7. The remaining John Doe defendants cannot be identified by the plaintiff at this time due to the failure of the John Doe defendants to properly register trade names as required by applicable law.

8. For instance, the mailer that was received by the plaintiff references "Enterprise America Finance", however, there is no such trade name registered in the State of Maryland.

## **FACTS**

9. In 2004, plaintiff received the letter attached as Exhibit 1 via the United States mail. On information and belief, the parties responsible for the transmission of Exhibit 1 are defendants, acting in concert with other Defendants named in action pending before this Court styled Hyde v. RDA, Inc., Case No. 05-317.

10. Plaintiff had not requested credit, nor was it a replacement for any other credit plaintiff had.

11. The flyer stated that the sender had accessed plaintiff's credit report. (See Exhibit 1).

12. Plaintiff had not authorized anyone to access her credit report, nor does the sending of the material in Exhibit 1 constitute a permissible reason for anyone to access plaintiff's credit report without her consent.

13. The sending of Exhibit 1 does not qualify as a "firm offer of credit" within the meaning of the Fair Credit Reporting Act justifying the obtention of credit report information, in that:

   a. An offer of a $300 line of credit useable only to finance the

purchase of an 1999 or later automobile is a sham, made to justify the obtention of credit report information rather than with the expectation that any significant numbers of consumers will obtain such minimal lines of credit.

    b. The purported offer is so vague and lacking in terms as not to constitute an "offer capable of acceptance". A promise of credit is not capable of being accepted to form an enforceable credit unless it specifies (a) the amount of the credit, (b) the rate of interest and (c) the duration of the credit. Furthermore, the "offer reserves the right to add unspecified material terms, such as down payment, terms, specific vehicle, and annual percentage rate.

    c. The "offer" reserves the right to require that the consumer pay off any current automobile credit. Since most car loans or retail installment contracts have payments of $300 or more per month, this reservation effectively constitutes an option to withdraw the $300 line of credit.

    d. 15 U.S.C. § 1681 m(d) requires that a "Firm Offer" must contain certain statements in a "clear and conspicuous" manner, the statements are instead included on the back of <u>Exhibit 1</u> in very small type and overshadowed by all other type on Exhibit 1.

    e. None of the defendants were licensed to make loans in the State of Maryland and therefore could not make a bona fide offer.

### **COUNT I - FAIR CREDIT REPORTING ACT**

14. Plaintiff incorporates the foregoing ¶¶.

15. The FCRA, 15 U.S.C. § 1681 b, provides it is permissible to obtain a

credit report on a consumer only with the written consent of the consumer or for certain "permissible purposes, which insofar as pertinent are the extension of credit to, or review or collection of an account of, the consumer, employment purposes, the underwriting of insurance, or in connection with a business transaction that is initiated by the consumer. The requester must certify to the credit bureau that a permissible purpose exists.

16. Defendants, acting in concert, obtained the credit report of plaintiff and every other person to whom <u>Exhibit 1</u> was sent without their written permission or a "permissible purpose".

17. The FCRA, 15 U.S.C. § 1681n, provides:

**§1681n.  Civil liability for willful noncompliance**

**(a) In general. Any person who willfully fails to comply with any requirement imposed under this title [15 USC §§ 1681 et seq.] with respect to any consumer is liable to that consumer in an amount equal to the sum of -**

**(1)**

**(A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $ 100 and not more than $1,000; or**

**(B) in the case of liability of a natural person for obtaining a Consumer report under false pretenses or knowingly without a Permissible purpose, actual damages sustained by the consumer as a result of the failure or $1,000, whichever is greater;**

**(2) such amount of punitive damages as the court may allow; and**

**(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney=s fees as determined by the court....**

18. The FCRA, 15 U.S.C. § 1681p, provides:

> **§ 1681p.  Jurisdiction of courts; limitation of actions**
>
> **An action to enforce any liability created under this title [15 USC §§ 1681 et seq.]may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within two years from the date on which the liability arises, except that where a defendant has materially and willfully misrepresented any information required under this title [15 USC §§ 1681 et seq.] to be disclosed to an individual and the information so misrepresented is material to the establishment of the defendant's liability to that individual under this title [15 USC §§ 1681 et seq.], the action may be brought at any time within two years after the discovery by the individual of the misrepresentation.**

## CLASS ALLEGATIONS

19.     This claim is brought on behalf of a class, consisting of all persons whose credit reports defendants accessed for the purpose of transmitting material similar to that in Exhibit A on or after a date two years prior to the filing of this action.

20.     The class is so numerous that joinder of all members is impracticable. A letter identical to Exhibit 1, was sent to at approximately 100,000 persons.  According to Exhibit 1, the credit report of each such individual was accessed.

21.     There are questions of law and fact common to the class, which questions predominate over any questions affecting only individual class member. The predominant common question is whether obtaining a credit report for the purpose of transmission of the material in Exhibit 1 violates FCRA.

22.     Plaintiff's claims are typical of the claims of the class members. All are based on the same legal and factual issues.

23.     Plaintiff will fairly and adequately represent the members of the class. Plaintiff is angry and upset at the unlawful accessing of her credit report and

the transmission of the credit offer to her.

24. Plaintiff has retained counsel experienced in the prosecution of similar claims.

25. A class action is superior for the fair and efficient prosecution of this litigation. Class-wide liability is essential to cause defendants to stop their improper conduct. Many class members may be unaware that they have been victims of illegal conduct.

WHEREFORE, plaintiff requests that the Court enter judgment in her favor in favor of the class for:

    a. $1,000 per person

    b. Punitive damages

    c. Attorney's fees, litigation expenses and costs of suit;

    d. Such other or further relief as is appropriate.

Respectfully submitted,

__/s/_ Scott C. Borison_____
Scott C. Borison
Bar No. 22576
Janet Legg
Bar No. 15552
Legg Law Firm, LLC.
5500 Buckeystown Pike
Frederick MD 21703
Borison@legglaw.com
(301) 620-1016
(301) 620-1018 fax
Attorneys for Plaintiff

Of Counsel:
Christopher M. Lefebvre Esquire

Claude Lefebvre Christopher Lefebvre, P.C.
Two Dexter Street Pawtucket
PO BOX 479
Pawtucket, R.I. 02862
401-728-6060
401-728-6534-fax